UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==============================================

SIDNEY SOUFFRANT,

       Plaintiff,                     **COMPLAINT AND JURY TRIAL DEMAND**

   -against-

GRAMBRO REALTY CORP.,

       Defendant
==============================================

Plaintiff Sidney Souffrant ("Plaintiff"), by and through his attorneys, Gordon & Gordon, P.C., upon his knowledge and belief, and as against Grambro Realty Corp., ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff SIDNEY SOUFFRANT is a former employee of the Defendant.

2. Defendant owns real property located at 12 Cooley Place, Mt. Vernon, NY 10550.

3. Plaintiff was employed as a superintendent of the premises located at 12 Cooley Place, Mt. Vernon, NY 10550 from the time he was up until his termination on or about May 31, 2019.

4. At all times, relevant to this Complaint, Plaintiff worked for Defendant in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

5. Further, Defendant failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

1

6. Plaintiff now brings this action for unpaid wages, and unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendant owns the premises where the Plaintiff was employed in this district.

## PARTIES

9. Plaintiff is an adult individual presently residing at 12 Cooley Place, Apt G-1, Mt. Vernon, NY 10550.

10. Plaintiff was employed as a superintendent of the premises located at 12 Cooley Place, Mt. Vernon, NY 10550 from the time he was employed on or about April of 2017 and up until his termination on May 31, 2019.

11. Defendant, Grambro Realty Corp., is a domestic corporation formed under the laws of the State of New York.

## FACTS

12. At all times, relevant to this action, Plaintiff was employed by Defendant as a superintendent/janitor of the building.

13. His duties included cleaning the common areas of the building, keeping the outer area of the building clean, maintaining the apartments, answering the tenant's complaints, fixing issues such as plumbing, taking out the garbage multiple times a week, and other maintenance duties and upkeep of the premises.

14. At all times, relevant to this action, Plaintiff was on call everyday but on average worked 60 hours a week.

15. Plaintiff lived in apartment G-1 in the basement of the premises where he was employed as superintendent.

16. The state hourly minimum wage during the times relevant to this action for Long Island and Westchester County was: $10.00 as of 12/31/16; $11.00 as of 12/31/2017, and $12.00 as of 12/31/2018.

17. The federal hourly minimum wage during the times relevant to this action was $7.25 after July 24, 2009.

18. The unit rate for janitors pursuant to the Building Service Industry Order for the State of New York, during the times relevant to this action was as follows: $6.65 on and after 12/31/2016; $7.35 on and after 12/31/2017 and $8.00 on and after 12/31/2018.

19. Plaintiff was never paid a minimum wage or any wages for hours worked overtime while he was employed as superintendent for Defendant.

20. At all times, relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiff to an average of 40 hours a week without paying him appropriate minimum wage as required by federal and state laws.

21. At all times, relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

22. Plaintiff was a victim of Defendant's common policy and practices, which violate his rights under the FLSA and New York Labor Law by, inter alia, not paying him the wages he was owed for the hours he worked.

23. Defendant habitually required Plaintiff to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

24. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

25. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

26. Defendant failed to provide Plaintiff with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

27. Defendant failed to provide Plaintiff, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employee's primary

4

language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE AND RECORD KEEPING PROVISIONS OF THE FLSA

28. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

29. At all times, relevant to this action, Defendant was Plaintiff's employer within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

30. Defendant had the power to hire and fire Plaintiff controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

31. Defendant, in violation of 29 U.S.C. § 206, failed to pay Plaintiff, Sidney Souffrant his minimum wage for each hour worked.

32. At all relevant times, Defendant willfully, regularly and repeatedly failed and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff.

33. Defendants' failure to pay Plaintiff was willful within the meaning of 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

34. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

35. At all times, relevant to this action, Defendant was Plaintiff's employer within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

36. Defendant had the power to hire and fire Plaintiff controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

37. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

38. Defendants' failure to pay Plaintiff Aguilar overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

## THIRD CAUSE OF ACTION
## RETALIATION IN VIOLATION OF FLSA

39. Plaintiff allege and re-allege the paragraphs above.

40. Plaintiff filed a complaint or instituted a proceeding against Defendant within the meaning and scope of Section 215(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)) by complaining to the defendant and defendant's agents for not paying him wages for all hours worked, including overtime.

41. Defendant's behavior towards Plaintiff Sidney Souffrant, including but not limited to, the refusal of paying Plaintiff's entire wages for all hours worked, and terminating his employment after he complained about not being fairly compensated for all hours worked, threatening to evict him from his apartment and change the locks on the door, constitutes discrimination in violation of Section 215(a)(3) of the FLSA. 29 U.S.C. §215(a)(3).

42. Due to Defendants' illegal retaliation, Plaintiff is entitled to legal and equitable relief including, but not limited to, reinstatement, enjoining Defendant from further retaliation, payment of lost and withheld compensation, back-pay, emotional distress damages, and additional amounts such as punitive damages, liquidated damages, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION**
**NEW YORK STATE MINIMUM WAGE VIOLATION**
**NY LABOR LAW §§190 ET SEQ., AND 650 ET SEQ.,**

43. Plaintiff allege and re-allege the paragraphs above.

44. Defendant knowingly, willfully, and intentionally failed to compensate Plaintiff the applicable minimum hourly wage in violation of N.Y. Lab. Law § 652.

45. Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to one hundred percent of the total of such under-payments found to be due the Plaintiff, SIDNEY SOUFFRANT.

46. Because of Defendant's willful violation of the NYLL, Plaintiff is entitled to recover from Defendant his unpaid minimum wages and an amount equal to one hundred percent of their unpaid wages in the form of liquidated damages, as well as reasonable

attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF NEW YORK STATE LABOR LAW

47. Plaintiffs allege and re-allege the paragraphs above.

48. Plaintiff, Sidney Souffrant instituted a proceeding against Defendant within the meaning and scope of Section 215 of the NYLL (N.Y. Lab. Law § 215) by complaining to the defendants about not being paid for all the hours worked, including overtime.

49. Defendants behavior towards Plaintiff Sidney Souffrant, including but not limited to, the refusal of paying Plaintiff's entire wages for all hours worked, and terminating his employment after he complained about not being fairly compensated for all hours worked, threatening to evict him from his apartment and change the locks on the door, constitutes discrimination in violation of Section 215 of the NYLL. N.Y. Lab. Law § 215.

50. Due to Defendant's illegal discrimination and retaliation, Plaintiff is entitled to all appropriate relief, including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation, back-pay, emotional distress damages, additional amounts such as punitive damages, liquidated damages, interest, and reasonable attorneys' fees. N.Y. Lab. Law § 215.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. Defendant failed to provide Plaintiff with a written notice, in English containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

53. Defendant is liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. With each payment of wages, Defendant failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

56. Defendant is liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands a trial by jury as to all issues in the above matter and respectfully requests that this Court enter judgment against Defendant, as follows:

   A.   Declaring that Defendant violated the overtime wage provisions of, and associated rules and regulations under, the FLSA with respect to the Plaintiff;

   B.   Declaring that Defendant violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

   C.   Declaring that Defendant's violations of the provisions of the FLSA were willful as to Plaintiff;

   D.   Awarding Plaintiff damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

   E.   Declaring that Defendant violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

   F.   Declaring that Defendant violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

   G.   Declaring that Defendant's violations of the provisions of the NYLL were willful as to Plaintiff;

   H.   For the First Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

   I.   For the Second Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

  J. For the Third Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

  K. For the Fourth Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

  L. For the Fifth Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

  M. For the Sixth Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

  N. For the Seventh Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial

  O. Awarding Plaintiff punitive damages;

  P. Awarding Plaintiff their attorney's fees and costs; and,

  Q. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sidney Souffrant demands a trial by jury on all issues triable by a jury.

Dated: June 12, 2019
   Forest Hills, New York

            GORDON & GORDON, P.C.

            By: _____
            Supriya Kichloo, Esq.
            *Attorneys for Plaintiffs*
            108-18 Queens Blvd., 6th Floor
            Forest Hills, NY 11375
            T: (718) 544-7070
            F: (718) 544-0994